IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| Donna Wright,<br><br>　　　　　　　Plaintiff,<br>v.<br>Rio Tinto America,<br>　　　　　　　Defendant. | MEMORANDUM DECISION AND ORDER GRANTING IN PART SHORT FORM MOTION FOR DISCOVERY<br><br>Case No. 2:19-cv-234 HCN DBP<br><br>District Judge Howard C. Nielson<br><br>Chief Magistrate Judge Dustin B. Pead |

　　　　This matter comes before the court on Defendant's Motion to Compel proper production of text messages involving Cal Russ, or in the alternative, to dismiss Plaintiff's sexual harassment claims. (ECF No. 59.) After reviewing the parties' pleadings and relevant case law, the court finds Plaintiff's production inadequate and it will grant in part Defendant's motion.[1]

## BACKGROUND

　　　　Plaintiff brought this suit in 2019 alleging a variety of claims including in part, intentional interference with economic relations, assault and battery, discrimination, and sexual harassment including unwanted sexual advances. 2nd Am. Compl. ¶ 205-06 (sexual harassment allegations). Defendant served its First Set of Discovery Requests that included a request to produce text messages in January 2021. (ECF No. 59-1.) Over the next several months, Plaintiff produced some text message. These productions had multiple problems however, including a lack of messages between Plaintiff and Cal Russ, an alleged perpetrator of sexual harassment. The productions also contained blurry screen shots of text messages without additional

---

[1] Judge Howard Nielson referred this case pursuant to 28 U.S.C. §636(b)(1)(a) for consideration of all non-dispositive matters. (ECF No. 23.) The court elects to decide the motion based on the written memoranda. DUCivR 7-1.

information, such as the date for the text messages, the order for messages, and incomplete messages. During her deposition, Plaintiff testified that texts and exchanges with Mr. Russ were in her attorney's possession. Defendant attached examples of the screen shot messages produced by Plaintiff to the motion. (ECF No. 59-5.) Because the productions contain truncated and incomplete text messages, Defendant seeks a complete production or the dismissal of Plaintiff's claims involving allegations of sexual harassment. Complicating this matter somewhat, are the technological constraints of Plaintiff not having access to a personal computer, and the relative age of the cell phone.

## DISCUSSION

Federal Rule of Civil Procedure 26(b)(1) authorizes discovery of

> any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1) (2021). Courts broadly construe relevance, and a discovery request is considered if there is, "any possibility" that the information sought may be relevant to the claim or defense of any party. *See, e.g., Sheldon v. Vermonty*, 204 F.R.D. 679, 689–90 (D.Kan.2001).

All discovery, however, is subject to the proportionality limitations imposed by Rule 26. Therefore, while the court may order discovery of any matter relevant to the issues involved in the action, there are limits. For example, a "party need not provide discovery of electronically stored information from sources that the party identifies as not reasonably accessible because of undue burden or cost." Fed. R. Civ. P. 26(b)(2)(B). The Federal Rules of Civil Procedure also permit a court to restrict or preclude discovery, when justice requires, to protect a party or person

from annoyance, embarrassment, oppression, or undue burden or expense. *See* Fed. R. Civ. P. 26(c).

"When the discovery sought appears relevant, the party resisting the discovery has the burden to establish the lack of relevancy by demonstrating that the requested discovery (1) does not come within the scope of relevance as defined under Fed.R.Civ.P. 26(b)(1), or (2) is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure." *Horizon Holdings, L.L.C. v. Genmar Holdings, Inc.*, 209 F.R.D. 208, 211 (D.Kan.2002) (citing *Sheldon v. Vermonty*, 204 F.R.D. 679, 690 (D.Kan.2001)).

Federal Rule of Civil Procedure 34(b)(2)(E)(i) requires a party to produce documents as the materials are "kept in the usual course of business" or the party "must organize and label them to correspond to the categories in the request." If the request for production does not specify a form for the production, "a party must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms." Fed.R.Civ.P. 34(b)(2)(E)(ii).

The court finds the discovery sought by Defendant, Plaintiff's text messages with Mr. Russ, relevant and proportional to the needs of this case. Plaintiff brings allegations of sexual harassment that includes unwanted advances, which supposedly occurred at least in part via text messages.

Plaintiff offers two arguments against Defendant's Motion to Compel. First, the motion is untimely, and second, Defendant failed to meet its meet and confer obligations. Neither argument has merit. Defendant first sought the requested discovery long before the fact discovery deadline. A review of the history of this dispute indicates Defendant has been patient in seeking the discovery. The court declines to punish Defendant for its willingness to seek

resolution of the dispute without court intervention. The history of this dispute also demonstrates that Defendant met the meet and confer obligations.

The court reviewed Plaintiff's production as attached to Defendant's motion, and finds it fails to comply with the rules. There simply is no way to ascertain the context or order of the messages, whether Plaintiff returned any interest to Mr. Russ, or whether the messages even occurred in the relevant time frame. The court is sympathetic to Plaintiff's difficulty in providing production due to technological challenges. Yet, Plaintiff offers no justification for providing sporadic screen shots that are often blurry, and bordering on unreadable. The court finds the reasoning of the cases cited by Defendant persuasive. *See*, *Laub v. Horbaczewski,*, 2019 WL 3492402, at \*26 (C.D. Cal. July 30, 2019) (ordering production of text messages "'in a form or forms in which it is ordinarily maintained or in a reasonable usable form or forms'") (quoting Fed. R. Civ. P. 34(b)(2)); *Paisley Park Enterprises, Inc. v. Boxill*, 330 F.R.D. 226, 233 (D. Minn. 2019) (noting that due to missing messages plaintiffs could only obtain "'scattershot texts and e-mail],' instead of 'a complete record of defendants' written communications from defendants themselves'") (citation omitted). Courts from this circuit have noted similar principles of producing text messages in a sequential, complete, and accurate manner. *See e.g., Est. of Bailet by & through Searcy v. City of Colorado Springs, Colorado,* 2021 WL 2912921, at \*2 (D. Colo. July 12, 2021) (noting the "text messages were produced as part of a date sequential production of all text messages between Defendants"); *Santana v. MKA2 Enterprises, Inc.*, 2019 WL 130286, at\*3 (D. Dan. Jan. 8, 2019) (ordering the plaintiff to produce "complete copies of all responsive text messages to the extent they have not already been produced").

Despite the court's willingness to order production of the text messages, Plaintiff's cell phone likely contains information, such as other text messages, phone logs, and photographs that

4

are not relevant to the claims or defenses in this case. As noted in the Advisory Committee Notes to Fed. R. Civ. P. 34(a):[2]

> Inspection or testing of certain types of electronically stored information or of a responding party's electronic information system may raise issues of confidentiality or privacy. The addition of testing and sampling to Rule 34(a) with regard to documents and electronically stored information is not meant to create a routine right of direct access to a party's electronic information system, although such access might be justified in some circumstances. Courts should guard against undue intrusiveness resulting from inspecting or testing such systems.

Defendant cites no cases involving the imaging of a cell phone and courts have expressed concerns regarding privacy interests, relevance, and overbreadth, when parties seek to image a cell phone. *See, e.g., Charles Schwab & Co. v. Highwater Wealth Mgmt., LLC,* 2017 WL 4278494, at *7 (D. Colo. Sept. 27, 2017) (quashing subpoena that sought forensic imaging of a cell phone due to overbreadth, privacy, and privilege concerns); *Syposs v. United States,* 181 F.R.D. 224, 226 (W.D.N.Y. 1998) (weighing privacy interests in considering a subpoena for cell phone communications). Based on these same concerns, the court is reluctant at this time to order Plaintiff to provide her cell phone to an independent third party for forensic imaging. The court, however, is persuaded that Plaintiff should produce the text messages in their entirety in the correct order, including all dates and timestamps in a useable form. The court will leave it up to the parties to reach agreement on the best manner in which to provide such a production.

Plaintiff notes that she has a friend with a "PC [that] can help send [the text messages] next week." Op. p. 2. While the court appreciates Plaintiff's willingness to cooperate, the court is troubled by the length of time needed to obtain such cooperation. Moreover, Plaintiff has made similar representations in the past, yet then produced text messages that fail to comply with discovery obligations.

---

[2] Fed. R. Civ. P. 34(a) advisory committee's note to 2006 amendment.

Finally, the court will deny without prejudice Defendant's request for attorney fees at this time. Whether such an award is granted will depend in part on Plaintiff's compliance with this order.

## ORDER

For the reasons set forth above, the court GRANTS in PART Defendant's Motion to Compel. Plaintiff is ORDERED to produce all text messages with Mr. Russ in their entirety in the correct order, including all dates and timestamps, in an electronic form, or such form agreed to by the parties. This production is to occur within thirty (30) days from the date of this order.

IT IS FURTHER ORDERED that Defendant's request for attorney fees is DENIED WITHOUT PREJUDICE at this time.

IT IS SO ORDERED.

DATED this 19 November 2021.

_____
Dustin B. Pead
United States Magistrate Judge